UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

CARL LEE JONES,

                Plaintiff,              Case No. 1:12-cv-719

v.                                              Honorable Paul L. Maloney

JOHN PRELESNIK et al.,

                Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint on immunity grounds and/or for failure to state a claim against Defendants Prelesnik, Huss, Norwood, Breedlove, Michigan Department of Corrections (MDOC) Board and Director of Prisoners, MDOC Board of Medical Care Providers and MDOC Board of Medical Doctor Disease Specialists. The Court will serve the complaint against Defendants Czop, Kennerly and Hutchinson.

**Discussion**

I.        Factual allegations

Plaintiff presently is incarcerated at the Marquette Branch Prison but complains of events that occurred at the Ionia Correctional Facility (ICF). In his *pro se* complaint, he sues ICF Warden John Prelesnik, Assistant Warden Erica Huss, Deputy Warden N. Norwood, Doctors Richard Czop and M. Kennerly, Grievance Coordinator M. Breedlove, Disease Specialist Doctor Unknown Hutchinson and MDOC Board and Director of Prisoners, MDOC Board of Medical Care Providers and MDOC Board of Medical Doctor Disease Specialists.

On June 6, 2010, Plaintiff was diagnosed with Hepatitis C while at the Charles Egeler Reception & Guidance Center.[1] (Compl., docket #1, Page ID#2.) Soon thereafter, Plaintiff was transferred to the Earnest C. Brooks Correctional Facility (LRF) where he obtained medication for his condition. He also received tests at the Duane L. Waters Hospital on March 19, 2011. On September 21, 2011, however, Plaintiff was transferred to the Ionia Correctional Facility. (*Id.*, Page ID#13.) While at ICF, Plaintiff alleges that he has been denied adequate medical care and medication to treat his Hepatitis C by the MDOC "Medical Authorities" and the MDOC "Medical Doctors," including Drs. Czop and Kennerly. (*Id.*, Page ID##7, 13, 18.) Plaintiff also requested that the MDOC Health Medical Board send him to a disease specialist for Hepatitis C treatment. Despite several requests, Plaintiff has never been seen by a disease specialist. Besides his medical problems with Hepatitis C, Plaintiff complains that he has not been treated for hemorrhoids and a bone disease

---

[1] The Court notes that Plaintiff's time line of the events in his complaint is very confusing. Plaintiff states that he was diagnosed with Hepatitis C on June 6, 2010 and on June 6, 2011. (Compl., docket #1, Page ID##2, 11.) Because Plaintiff received tests for the disease at the Duane L. Waters Hospital on March 19, 2011, the Court will assume Plaintiff was diagnosed with Hepatitis C on June 6, 2010. (*Id.*, Page ID##13, 14.)

in his right knee.  If he does not receive adequate medical care, Plaintiff claims that his liver and "other parts of his body" could stop working.  (*Id.*, Page ID#12.).

Plaintiff submitted several grievances through the grievance process to receive treatment for his health problems.  In violation of his due process rights, Plaintiff states that he has been denied his right to be heard.  Plaintiff also wrote to Defendant Breedlove about his medical problems but he never received a response from her.

Plaintiff argues that Defendants violated his Eighth Amendment right to receive medical care and the Due Process Clause of the Fourteenth Amendment.  He also claims that Defendants' actions constituted negligence under state law.

For relief, Plaintiff requests compensatory and punitive damages.

II.     Immunity

In his complaint, Plaintiff named as Defendants the MDOC Board and Director of Prisoners, the MDOC Board of Medical Care Providers and the MDOC Board of Medical Doctor Disease Specialists, but he did not name any individual members of those Boards.  Because the Boards are part of the MDOC, Plaintiff may not maintain a § 1983 action against them.  Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826  (6th Cir. 1993).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874,

877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the MDOC Board and Director of Prisoners, the MDOC Board of Medical Care Providers and the MDOC Board of Medical Doctor Disease Specialists.

### III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendants Prelesnik, Huss, Norwood and Breedlove

Plaintiff fails to make specific factual allegations against Defendants Prelesnik, Huss, Norwood and Breedlove, other than his broad claim that they failed to respond to his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d

881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Prelesnik, Huss, Norwood and Breedlove engaged in any active unconstitutional behavior.

To the extent Plaintiff argues that Defendants violated his due process rights by failing to respond to Plaintiff's grievances, he also fails to state a claim. Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

For all these reasons, Plaintiff fails to state a claim against Defendants Prelesnik, Huss, Norwood and Breedlove.

**B.     Defendants Czop, Kennerly and Hutchinson**

At this stage of the proceedings, the Court finds that Plaintiff's Eighth Amendment allegations are sufficient to warrant service of the complaint against Defendants Czop, Kennerly and Hutchinson.

**C.     State Law**

Plaintiff argues that Defendants were negligent in failing to provide him with medical care. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's challenge under state law therefore fails to state a claim under § 1983. Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over the state-law claims against Defendants Prelesnik, Huss, Norwood, Breedlove, MDOC Board and Director of Prisoners, MDOC Board of Medical Care Providers and MDOC Board of Medical Doctor Disease Specialists, the Court declines to exercise jurisdiction. In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id*. Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 S. Ct. 1862, 1866-67 (2009), *cited in Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 2012 WL 539373, at *6 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claims

against Defendants Prelesnik, Huss, Norwood, Breedlove, MDOC Board and Director of Prisoners, MDOC Board of Medical Care Providers and MDOC Board of Medical Doctor Disease Specialists will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Prelesnik, Huss, Norwood, Breedlove, MDOC Board and Director of Prisoners, MDOC Board of Medical Care Providers and MDOC Board of Medical Doctor Disease Specialists on immunity grounds and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Czop, Kennerly and Hutchinson.

An Order consistent with this Opinion will be entered.


Dated:   February 12, 2013             /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       Chief United States District Judge