UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| CARL LEE JONES, # 758104, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:12-cv-719 |
| | ) |
| v. | ) Honorable Paul L. Maloney |
| | ) |
| RICHARD M. CZOP, M.D., et al., | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The defendants are Richard M. Czop, M.D., Physician's Assistant Michael Kennerly, and Craig Hutchinson, M.D. Plaintiff alleges that defendants violated his Eighth Amendment rights by not providing appropriate medical care. Specifically, plaintiff alleges that on October 19, 2010, he told Dr. Czop that he "wish[ed] to be provided [with] proper medical care" for his Hepatitis C. (Compl. at 12). He states that he had a second conversation with Dr. Czop in May 2011 regarding his Hepatitis C. (*Id.* at 14). Physician's Assistant Kennerly is listed in the caption of plaintiff's complaint, but he is mentioned only once by name in the body of plaintiff's pleading, in a section criticizing general medical care by Dr. Czop and Mr. Kennerly for plaintiff's Hepatitis C, liver infection, right leg/knee problem, and hemorrhoids. (*Id.* at 16-19). Dr. Hutchinson is not mentioned by name anywhere in the body of plaintiff's complaint. Plaintiff described Hutchinson as a "disease medical doctor" in the caption of his pleading and as a "disease specialist" in his certificate of service. (*Id.* at 1, 19). For present purposes, it is is assumed that Dr. Hutchinson was the "disease

specialist" mentioned in the body of the complaint and that the canceled appointments (March 23 and November 11, 2011, and unspecified dates in April and May 2012) were appointments with Dr. Hutchinson.[1] (*Id.* at 4, 9, 14). Plaintiff seeks an award of damages. (*Id.* at 5).

The matter is before the court on defendants' motion for summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a). (docket # 24). Plaintiff has filed his response. (docket #s 28, 29). For the reasons set forth herein, I recommend that defendants' motion for summary judgment be granted and that all plaintiff's claims against defendants be dismissed without prejudice.

## **Applicable Standards**

A. **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable

---

[1] This indulgent interpretation of the *pro se* plaintiff's pleading is reinforced by a medical progress note filed by plaintiff. (docket # 2-2, ID# 32). The progress note indicates that plaintiff's May 2012 appointment with Dr. Hutchinson was canceled because his liver biopsy showed "minimal inflammation and minimal fibrosis" and that waiting until newer and more effective Hepatitis C treatments were available did not pose any danger to plaintiff's health. (*Id.*).

inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury

would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). Because failure to exhaust administrative remedies is an affirmative defense, defendants must meet this higher standard to be entitled to a summary judgment.

**B.     Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies**

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints."

549 U.S. at 216. The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a). The procedural bar does not apply where the State declines to enforce its own procedural rules. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324–25 (6th Cir. 2010).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[2] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against

---

[2] A copy of the policy directive is found in the record. *See* docket # 24-1, ID#s 123-29.

whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

Policy Directive 03.02.130 is not limited to the requirement that the individual being grieved be named in the Step I grievance. The following is an overview of the grievance process. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his control. *Id.* at ¶ P. If the mandatory pre-grievance attempt at resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* The Policy Directive also provides the following directions for completing Step I grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the *facts* involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). Thus, where an individual is not named in the Step I grievance, or his or her involvement in the issue being grieved is not indicated, or the individual is mentioned for the first time during an appeal of a denial of a grievance, the claims against that individual are not properly exhausted. *See Ketzner v. Williams*, No. 4:06-cv-73, 2008 WL 4534020, at * 16 (W.D. Mich. Sept. 30, 2008) (collecting cases); *accord Sullivan v. Kasajaru*, 316 F. App'x at 470.

The inmate submits the grievance to a designated grievance coordinator who makes an initial determination whether it should be rejected under MDOC policy or assigns it to a respondent. P.D. 03.02.130 at ¶¶ W, X. If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten

business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. The respondent at Step II is designated by the policy. The Step II respondent for grievances regarding health care issues is the Regional Health Administrator or the Administrator's designee. *Id.* at ¶ DD. If the inmate is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶ FF. The Step III appeal form must be sent to the Grievance and Appeals Section within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the Step III respondent. *Id.* at ¶ GG. The Grievance and Appeals Section forwards grievances regarding health care issues to the Administrator of the Bureau of Health Care Services (BHCS). The BHCS Administrator is required to ensure that the grievance is investigated and a response provided to the Grievance and Appeals Section in a timely manner. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ S. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing." *Id.*

Ordinarily, a prisoner must pursue appeals of his grievance through Step III of the administrative process. The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to

file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

## Proposed Findings of Fact

The following facts are beyond genuine issue. Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC) on criminal convictions. The only grievance that plaintiff filed and pursued through a decision at Step III by the MDOC's Grievance and Appeals Section was Grievance No. ICF-12-08-2988-17b in which plaintiff complained of various actions by Corrections Officer Paul Jensen. (Russell Aff. ¶¶ 1-13, docket # 24-1, ID#s 120-22; Step III Grievance Report, grievance, and grievance appeals, docket # 24-1, ID#s 130-41).

## Discussion

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220.

Plaintiff states that he "filed a Step III grievance pertaining to this case" (Plf. Aff. ¶ 3, docket # 29 at ID# 172), but he provides no specific facts, such as when he filed this grievance, whom he named in the grievance, what facts he alleged in the grievance, what number the grievance coordinator assigned to his grievance, when he received the Step I response, when he appealed to Step II, when the Step II decision was entered, when he appealed to Step III, and when the Grievance

and Appeals Section entered its decision at Step III.[3] A conclusory statement unsupported by specific facts is not sufficient at the summary judgment stage of proceedings. FED. R. CIV. P. 56(e)(2), (3); *see Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009); *Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004); *see also Stine v. State Farm Fire & Cas. Co.*, 428 F. App'x 549, 550 (6th Cir. 2011) (A "conclusory affidavit bypasses the specific-facts requirement of Federal Rule of Civil Procedure 56 necessary to forestalling summary judgment."). Significantly, no grievance naming any of the present defendants or complaining about the matters in the complaint appears anywhere in the record. Plaintiff was allowed a 45-day period to pursue discovery on the issue of exhaustion (CMO at ¶ 2(c), docket # 26) but he failed to produce any grievance concerning his medical care.

The evidence now of record shows that plaintiff did not properly exhaust any claim against defendants. I find that defendants have carried their burden on the affirmative defense and are entitled to dismissal of all of plaintiff's claims.

**Recommended Disposition**

For the foregoing reasons, I recommend that defendants' motion for summary judgment (docket # 24) be granted and that all plaintiff's claims against defendants be dismissed without prejudice.

Dated: November 26, 2013         /s/ Joseph G. Scoville
                                 United States Magistrate Judge

---

[3] Legal conclusions asserted in an affidavit do not suffice to create a genuine issue of material fact for trial. *See L.F.P.IP, LLC v. Hustler Cincinnati, Inc.*, Nos. 12-3132, 13-3212, __ F. App'x __, 2013 WL 456448, at * 4 (6th Cir. Aug. 28, 2013); *Sigmon v. Appalachian Coal Prop., Inc.*, 400 F. App'x 43, 48-49 (6th Cir. 2010) (collecting cases).

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).